**UNITED STATES of America,**
**Appellee,**

v.

**Richard CALLE, Defendant–Appellant.**

**Docket No. 02–1311.**

United States Court of Appeals,
Second Circuit.

Feb. 24, 2003.

Thomas F.X. Dunn, New York, NY, for Appellant.

Caren Myers, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Jo Ann M. Navickas, Assistant United States Attorney, on the brief), Brooklyn, NY, for Appellee.

Present: OAKES, KEARSE, and B. D. PARKER, Jr., Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Defendant-appellant Richard Calle appeals from a May 21, 2002 judgment of the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge* ), convicting him, following a jury trial, of one count of obstruction of justice, in violation of 18 U.S.C. § 1503. The District Court sentenced Calle to 22 months' imprisonment, three years of supervised release, a $4,000 fine, and a $100 special assessment.

Calle raises two arguments on appeal. First, he argues that the District Court should have dismissed the obstruction of justice count, on which he was convicted, for insufficiency of the evidence pursuant to Fed.R.Crim.P. 29. Second, he argues that comments made by the prosecutor in her rebuttal summation so infected the trial with unfairness as to make his conviction a denial of due process. Each of Calle's arguments lacks merit.

In challenging the sufficiency of the evidence to support his conviction for obstruction of justice, Calle bears a heavy burden. He "must establish that, viewing the evidence in the light most favorable to the government, no rational trier of fact could have found all of the elements of the crime beyond a reasonable doubt." *United States v. Schwarz,* 283 F.3d 76, 105 (2d Cir.2002). Relying principally on *Schwarz* and *United States v. Aguilar,* 515 U.S. 593, 115 S.Ct. 2357, 132 L.Ed.2d 520 (1995), Calle argues that the government failed to present sufficient evidence to prove that he possessed the specific intent to obstruct justice. In *Schwarz* and *Aguilar,* the obstruction of justice charges stemmed from the defendants' making false statements to federal investigators "who might or might not testify before a grand jury." *Aguilar,* 515 U.S. at 600; *see Schwarz,* 283 F.3d at 109.

The evidence introduced at Calle's trial, in contrast, established that, in direct re-

sponse to a grand jury subpoena duces tecum, Calle failed to produce responsive documents in his possession, lied about his knowledge of documents responsive to the subpoena, and lied about his involvement with the company that the grand jury was investigating. Indeed, Calle's letter to the FBI agent who served the subpoena upon him states that it is written "[i]n response to the annexed Subpoena requesting documents." This letter sufficiently demonstrates Calle's specific intent to obstruct justice. *See Aguilar*, 515 U.S. at 601 (stating that conduct of uttering false statements to an investigating agent "falls on the other side of the statutory line from that of one who delivers false documents or testimony to the grand jury itself"); *United States v. Jespersen*, 65 F.3d 993, 1000–01 (2d Cir.1995) (affirming § 1503 conviction and stating that "'statements ... made directly to the grand jury itself, in the form of false testimony *or false documents,*' provide a basis for § 1503 liability") (citing *Aguilar*, 515 U.S. at 601 & n. 2).

Next, Calle contends that two comments made by the prosecutor during her rebuttal summation so infected the trial with unfairness as to make his conviction a denial of due process. *See United States v. Elias*, 285 F.3d 183, 190 (2d Cir.2002). During her rebuttal, the prosecutor stated that: (1) by failing to mention Calle's alleged lies in his letter in response to the grand jury subpoena, Calle's attorney "essentially conceded the point" and (2) Calle had a financial motive for his involvement in the crimes because "[h]is house is in foreclosure." In determining whether these comments denied Calle due process, we examine three factors: "the severity of the misconduct, the measures adopted to cure the misconduct, and the certainty of conviction absent the misconduct." *Elias*, 285 F.3d at 190. None of these factors weighs in Calle's favor. First, the severity

of the alleged prosecutorial misconduct is minor, especially since Calle complains of only two stray remarks in an otherwise fair proceeding. *See Elias*, 285 F.3d at 191. Second, the District Court provided the jury with curative instructions specific to each of the prosecutor's remarks, stating that the defendant's silence on a particular issue is not a concession, that the government always retains the burden of proving every element beyond a reasonable doubt, and that the jury should disregard any mention of a foreclosure proceeding. *See United States v. Shareef*, 190 F.3d 71, 79 (2d Cir.1999) (citing with approval district court's instruction to jury that government bore burden of proof and that burden never shifted). Calle's contention that the District Court should have given curative instructions sooner is without merit, as the government's rebuttal summation came at the end of the day on a Friday, and the court provided its curative instructions as soon as the jury entered the courtroom the following Monday morning. Third, Calle has failed to show that, "absent the isolated impropriety of the prosecutor in rebuttal summation (taken in the context of the entire trial), [he] would not have been convicted." *Elias*, 285 F.3d at 192; *see also Shareef*, 190 F.3d at 79. The government presented overwhelming evidence of Calle's having violated § 1503, independent of the remarks that Calle complains of in the prosecutor's rebuttal summation. Thus, the prosecutor's remarks did not cause Calle substantial prejudice or deprive him of a fair trial.

Accordingly, the judgment of the District Court is AFFIRMED.